[Peter, a negro, *v.* Steel.]

# Negro Peter *against* William Steel.

*Indebitatus assumpsit* on a *quantum meruit*, will lie by a free negro for work, labour and service, against a person who held him in his service, claiming him as a slave.

THIS cause was tried at Nisi Prius, at Lancaster, before the late and present chief justice. The plaintiff declared in a general *indebitatus assumpsit* for work, labour and service, and on a *quantum meruit*. It was stated, that he was captured during the late revolutionary war, within the British lines, by the defendant then an American officer, and brought into Lancaster county. The defendant there registered him as a slave, and after being six months within the state, he was discharged by *habeas corpus*. The action was brought for remuneration for his services, after he had been six months within the state. The defendant at the trial, excepted to the form of the action, insisting that trespass was the proper remedy ; and the court directed a nonsuit, with liberty to move in bank to take it off.

It was argued last term by Mr. Wilson for the plaintiff, and Mr. Ingersoll for the defendant.

For the plaintiff, it was insisted, that *indebitatus assumpsit* would well lie. The party may wave the tort and proceed for the money really due. Cowp. 416, 419. 1 Burr. 21. 2 Ld. Ray. 1216. *Indebitatus assumpsit* for money had and received, is a liberal remedy. 2 Bl. Rep. 833. 2 Burr. 1012. The party waving the tort, may proceed on an implied contract. 2 Dall. 178. Proof of a lamb driven to London and sold, will support *indebitatus assumpsit*, unless in case of its being stolen ; for then trover *would be the only proper action. Bull. 128, 4to. edit. It will apply to an action for the use and occupation of a house, for rent accrued, subsequent to the time of demise ; and mesne profits may be thus recovered, though an ejectment is pending for the premises. Cowp. 246. Suit on a *quantum meruit* will lie for a negro claimed as a slave, but who was really free, for work, labour and service. Gilb. Evid. by Lofft. 378.

*251]

For the defendant, it was contended, that the proper specific remedy, provided by law in such a case, was an action of trespass *vi et armis;* or the point of slavery might be tried in a *homine replegiando*. It is admitted, that in some instances, the plaintiff may wave a tort, and go for damages ; but the rule is not universal. *Indebitatus assumpsit*, in a case like the present, would be a surprise on the defendant. Nothing is spread on the record, to shew that the point of slavery comes in dispute. Here the defendant claimed the plaintiff as a slave; taken in war, held him by force, and cannot be supposed to have agreed to pay him wages. An *assumpsit* will not be implied against the will of another ; it must be grounded either on an express or implied consent. 1 Term Rep. 20. In an action for money had and re-

ceived, there must be a privity between the parties ; or there must be a *mala fides*, an unjust receipt of the money, or at least a receipt of it without valuable consideration. 2 Dall. 54, 5. In the case of the king of France against Robert Morris, esq., it was determined in this court, that a contract express or implied, must be shewn, to support an action of account render ; and the liability to account for the profits of an infant's lands, is an excepted case. Though a suit for money had and received is a favourite action in many cases, and resembles a bill in equity, yet it will not lie against an excise officer for an over-payment. Cowp. 69. Nor for money paid for the release of cattle damage feasant, though the distress was wrongful ; for the verdict would not decide the right, nor would the defendant know how to shape his defence. Ib. 414.

Besides, a recovery in the present suit, could not be pleaded in bar to another action brought in trespass ; and so the defendant might be doubly punished for one act.

SHIPPEN C. J. declined taking any part in the decision ; and in this term YEATES, J. delivered the opinion of the court, as follows :

This is a motion to set aside a nonsuit, and the only question is, whether a free negro may not support a general *indebitatus assumpsit* on a *quantum meruit*, for work, labour and service, *against a person claiming, or who formerly did claim to hold him as a slave ?    [*252

On the part of the plaintiff it has been insisted, that where the party has two remedies given by the law, for an injury done to his person or property, he may elect which he pleases. That though trespass and false imprisonment would lie, yet *indebitatus assumpsit* may also be maintained. That the party may wave the tort and go for the sum really due. 1 Burr. 21. Cooper *et al. v.* Chilly *et al.* 2 L. Raym. 1216. Lamine *v.* Dorrel. Fellham *v.* Terry cited Cowp. 416, 419. 1 Term Rep. 387. Bull. 128. Simpson *v.* Gisling, Cowp. 246. Cheny *v.* Batton, 2 Dall. 76, 78. Haldane *v.* Duche's ex'tors. And it has been said, that this form of action is a liberal remedy, like a bill in equity, entrapping no one in form. 2 Bla. Rep. 830. 2 Burr. 1012.

The defendant has contended, that trespass is the specific remedy pointed out by law, and that the point of slavery could only be tried in that form of action, or *homine replegiando*. That the defendant's holding the plaintiff by force is utterly inconsistent with a contract express or implied, which must be the ground of every *assumpsit.* 1 Term Rep. 20. Stokes *et al. v.* Lewis *et al.* Ib. 387, Birch *v.* Wright. And that a recovery in this suit would not be a bar to a future action of trespass. That surprise might be occasioned to the defendant in this form of action, and he might not know how to shape his defence. *Assumpsit* will not lie against an excise officer for an over payment ; Cowp. 69, Whitebread *v.* Brookbank ; nor money paid

for the release of cattle distrained for damage feasant, though the distress was wrongful. Ib. 414. To support the suit, there must be privity between the parties. 2 Dall. 54, 55. Rapalje *et al. v.* Emory.

I am not disposed to break in on the boundaries of actions, nor to make any innovation therein. If the defendant would sustain any inconvenience or difficulty in the present form of action, or the plaintiff derive any advantage therefrom, I should not feel inclined to support it.

The argument of surprise in the present suit is most powerful, if well founded. But is not a demand for work, labour and service, an immediate notice to the defendant, that for such time as he claimed the plaintiff to be in a state of vassalage, compensation to a reasonable extent is sought for? Would trespass more thoroughly apprize him how to shape his defence, than the present form of action? On the general issue, the defendant may give every thing in evidence, which shews that the plaintiff has no right to recover. Indeed in actions for money had and *received, which is a most liberal remedy, the objection as to want of notice of the nature of the demand on the face of the pleadings, almost uniformly occurs; and yet such *assumpsits* have been sustained notwithstanding.

\*253]

In Astley *v.* Reynolds (2 Stra. 915) detinue or trover was open to the plaintiff, when money was unlawfully extorted by duress of goods, and yet assumpsit was held to lie. In Howard *v.* Wood (Sir T. Jon. 126. 2 Lev. 245) and in Arris *v.* Stakeley (Mod. 260) it was held, that *indebitatus assumpsit* would lie for the rightful against the wrongful officer, for the profits of an office, as for money had and received. In these cases it was objected, that *indebitatus assumpsit* would not lie for want of privity, and because there was no contract; it was only a tort, a disseisin, and the plaintiff might have brought an assize, and that the defendant took the profits against the will of the plaintiff. "There the question to be tried was, whether the grant "of the office was good or bad, but that did appear from the "form of the declaration; nor was it possible for the defendant "to be apprized, what title the plaintiff intended to set up. "Again, it was not the only remedy, for an assize will lie for an office." Cowp. 416. But the several objections were overruled by the court; because it is an expeditious remedy, facilitates the recovery of just rights, and this manner of action had long prevailed. 2 John. 128.

In Hitchin *v.* Campbell, (2 Bla. Rep. 829, 830) it was determined, that *indebitatus assumpsit* will lie for the assignees of a bankrupt against a creditor who has levied his debt by *fieri facias*, subsequent to the act of bankruptcy. There Lord Chief Justice DE GREY observed, that "practice had certainly much "extended the action of assumpsit, as a very useful and general "remedy. While the action was in its infancy, the courts en- "deavoured to find technical arguments to support it, as by a

"notion of privity, &c. yet that principle is. too narrow to sup-
"port these actions in general, to the extent to which they are
"admitted. The assignees might have their election to bring
"either tort or contract, yet they could not bring both; and
"having elected to bring trover, the judgment in that, bars the
"action of assumpsit."

In Lamine *v.* Dorrel, 2 L. Ray. 1216, the court held, that if
one takes goods to which he has no right, and sells them, the
owner may wave the tort and recover the price for which they
were sold in *indebitatus assumpsit*, and that it did not differ
from *assumpsit* for the profits of an office. Lord Chief Justice
HOLT remarks, that "the defendant may plead recovery in this
"suit in bar of an action of trover; because *by the in-
"debitatus assumpsit*, the plaintiff makes and affirms the [*254
"defendant's act to be lawful; and consequently the sale of the
"goods is no conversion." This reasoning is highly applicable to
the case before the court. That a plaintiff may dispense with
a trespass or wrong, and proceed for the sum really due, is, I
apprehend, too well established by the cases cited and others
to be now shaken. But he shall not blow both hot and cold at
the same time. 1 Term Rep. 387.

I proceed now to consider and remark on the authorities ad-
duced by the defendant's counsel.

In Whitebread *v.* Brookbank, Cowp. 69, Lord MANSFIELD
"said it might be of great inconvenience, if the case should
"hereafter be made a precedent, that an action for money had
"and received will lie against an officer of revenue for an over
"payment." The resolution therefore is founded on principles
of general policy, the revenue being materially interested in the
construction of the statute of 1 Geo. 3. c. 7. § 6, granting a
bounty on the exportation of beer, made from malted corn. The
present is a mere controversy between individuals.

In Lindon *v.* Hooper, Cowp. 414, it was held, that an action
for money had and received, does not lie to recover back money
paid for the release of cattle damage feasant, though the distress
were wrongful. The reasons are given : the case is singular and
depends on a peculiar system of strict positive law, which has
provided two precise remedies, replevin or trespass, in both of
which the plaintiff must specially reply a right of common or
some other title, as a justification of the cattle being where they
were taken. "But if assumpsit might be brought in such a
"case, the defendant might be surprised at the trial. He could
"not be prepared to make his defence; he could not tell what
"sort of right or common, or other justification the plaintiff
"might set up. The plaintiff might shift his prescription as
"often as he pleased, or he might rest upon objections to the
"regularity of the distress. The plaintiff can never be suffered
"to throw such a difficulty upon his adverse party. Besides
"as applied to the subject matter of this question, the action
"for money had and received could never answer the equitable

[Peter, a negro, *v.* Steel.]

"end for which it was invented, and deserves to be encouraged. "For the point to be tried therein, whether the plaintiff's cattle "trespassed on the defendant's land, may depend on the plaint-"iff's right, or defendant's right, or the fact of trespassing, or "it may depend on mere form. It would be unequal and un-"just, as between the parties, to suffer assumpsit to be substi-"tuted in lieu of an action of trespass, and would create "inconvenience by leaving rights of common open *to "repeated litigation, and depriving posterity of the bene-"fit of precise judgments upon record."

\*255]

Lord MANSFIELD further observed, that "there was a material "distinction between the case then before the court and the "instances alluded to at the bar, where the plaintiff is allowed to "wave the trespass and bring the action for money had and "received. In the latter, the relief is more favourable to the "defendant. He is liable to refund only what he has accurately "received, contrary to conscience and equity; and the plaintiff, "by electing this mode of action, eases the defendant of special "pleading, and takes the risque of being surprised upon himself."

On the most careful consideration of this case, I am satisfied that not a single reason which influenced the court's decision in Lindon *v.* Hooper, applies to the case now before us; and that all the grounds of suffering assumpsits to be brought where the wrong is dispensed with, unite in the present instance, and fortify the mode of action which has been pursued.

The observation of the court in Rapalje *et al. v.* Emory, 2 Dall. 54, 55, goes merely to the identifying of money and tracing it into the hands of an utter stranger, according to the distinction laid down in Cowp. 200.

Where one does work for another by compulsion, whom he is under no legal or moral obligation to serve, the law will, I think, imply and raise a promise on the part of the person benefited thereby, to make him a reasonable recompence: and as I have not been able to discover any solid ground of objection against the plaintiff's sustaining the form in which this action has been conceived, I am of opinion that the nonsuit should be set aside, and the costs to await the determination of the suit. Of the merits of the plaintiff's demand, the jury are the constitutional judges.

SMITH and BRACKENRIDGE, Justices, concurred.

Nonsuit set aside and new trial awarded.

On the ensuing day, SMITH, J. expressed himself thus:— During the recess of the court, I employed myself in examining this case with more attention than I had done before. I do not hold myself bound by the opinions of any judges, however eminent, further than such opinions accord with my own judgment, unless those opinions have become rules of property: but I certainly will not, without due consideration, dissent from the opinion given by another judge, especially by the late and pres-

[Fisher *v.* Hyde.]

ent Chief Justice. Where they have both joined in an opinion, *it behoves me to weigh it with all the attention which [*256 my abilities enable me to give it, before I give an oppo- site opinion, and to support such opposite opinion on clear principles of law. Both the Chief Justices joined in opinion, that the present action cannot be supported and directed a non-suit.

After my opinion had long wavered, I declared that the inclination of it was, that the nonsuit should be set aside. Although that inclination still continues, in order that the question may be more deliberately discussed, my judgment is not satisfied.

I have duly considered all the cases. Not one of them in my opinion completely applies. In all of them, the benefits acquired by the defendant were without or against the will of the plaintiff. In the present case, it does not appear to us that the plaintiff served the defendant by constraint, or continued by his bare permission to reside with him : it does not appear that the defendant would have kept the plaintiff in his house, if he had supposed he would have claimed wages. The probability is, that the detention was founded on a mistake of both sides. If the merits can be completely gone into in the present form of action, we ought not to turn the parties round to another action, but we ought to enable them to enter fully into the merits ; for which purpose I propose this addition to the rule to set aside the nonsuit, that the parties be at liberty to plead specially, or to add the plea of the statute of limitations. Unless this addition be made to the rule, I withdraw my consent to it.

It is as much my delight as it is my duty, to correct any opinion, which more mature consideration leads me to think liable to objection, as it is to be decisive, when I am convinced that my opinion is well founded.

YEATES and BRACKENRIDGE, Justices, readily agreed to the addition to the rule, that the defendant should be at liberty to plead *de novo*, and the rule to set aside the nonsuit was made absolute.

Cited in 3 P. & W. 223; 7 Watts 484; 8 Pa. 517.